COURT OF APPEALS OF WEST VIRGINIA.     343

Jan'y Term,     M. A. Soc'y of Va. *vs.* B. of S. of Berkeley Co.     1870.

# Wheeling.

## THE MUTUAL ASSURANCE SOCIETY OF VA. *vs.* THE BOARD OF SUPERVISORS OF BERKELEY COUNTY.

### January Term, 1870.

A mutual assurance society, created under the laws of Virginia, insures the court-house and public offices of Berkeley county, prior to the rebellion. During the rebellion it assessed certain quotas on the property insured, and sought to enforce the claim by bill in equity. It is held that the society was a corporation having its office in the city of Richmond, in rebel territory, and that it could not make assessments on property within loyal territory, the transaction being forbidden by the policy of the law. That the corporation, if not actually dissolved, was so far so as to suspend its powers over the property insured, to subject it to liability, then and forever, for matters accruing during the war, and during that time to sunder the former relations existing between the society and the assured.

The Mutual Assurance Society against Fire on Buildings, of the State of Virginia, filed a bill in the clerk's office of the circuit court of Berkeley county, in April, 1867, against the Board of Supervisors of that county, alleging that in 1856, the county court of Berkeley insured the court-house and public offices with the above mentioned society, according to a policy of insurance filed with the bill; that the assessment of quotas due on the property insured for the years 1861, '62, '63, '64, '65, and '66, amounted in the aggregate, with interest, to 253 dollars and 80 cents, and that by the law governing the society, property was liable for the payment of quotas assessed. The bill asked a sale of the property to satisfy the unpaid assessments for the years mentioned.

The defendant answered, denying the liability of the board for the quotas charged in the bill. It also pleaded

that having insured in another company, The Ætna Insurance Company of Connecticut, that the policy of the plaintiff was void, according to a provision contained therein. It further pleaded an act of the legislature passed November 27th, 1868, entitled an act to prevent the Mutual Assurance Society, &c., from bringing or maintaining suits in certain cases. Under this latter plea it was proved that the property was insured in the Ætna Insurance company, and the Franklin company of West Virginia, from April, 1866, to April, 1869.

The court below overruled a demurrer of the plaintiff to the last plea mentioned, and dismissed the bill.

The plaintiff appealed to this court.

*C. J. Faulkner* for the appellant.

*Stanton & Allison* for the appellee.

Brown, *President.*

The important question is presented in this case, whether or not the complainant company, chartered under the laws of Virginia before the late war of rebellion, and having its office and place of business, its officers and directory in the city of Richmond, Virginia, could, during the said war, levy assessments upon the defendant and the court-house of Berkeley county, the property insured by them and their predecessors in said company, before the war, for losses occuring to said company during the war. That is to say, whether the said company could, in the city of Richmond in 1864, levy as aforesaid, in the rebel territory, for the years 1861–2–3–4–5, and again in the year 1865 for the year 1866, on property and the defendant in loyal territory, with interest on the respective quotas so levied for each year, or whether such a transaction would be forbidden by the policy of the law, and the corporation dissolved, at least during the war, as between the parties, plaintiff and defendant. It seems to me that the principles settled in the case of *Griswold* vs. *Waddingtou,* 16 Johns., 348; *Winternitz* vs.

*Hyland and Ramer*, 3 W. Va. Rep., 461; *Ouatchita Cotton*, 6 Wallace, 521; *Coppell* vs. *Hall*, 7 Wal., 542; *Morrison & Oakes* vs. *Lovell, infra*; and *United States* vs. *Crossmeyer*, just decided by the supreme court of the United States, and will probably be reported in 8 Wal., are conclusive of this case, that no such levy and assessment as set up could be tolerated, no such liability on the part of the defendant, as claimed by the complainant, could be created or allowed to exist. But that the corporation, if not actually dissolved, at least was so far so as to suspend its powers over the defendant, to subject it to liability then and forever, for matters accruing during the war, and during that time to sunder the former relations existing between them. Such would unquestionably have been the case had the parties been partners, and the same effect must follow where the relation is through a corporation. The law in such case, looks to the substance, and not to the shadow.

The act of the 27th of November, 1868, therefore, did not interfere with any vested or corporate right of the complainant in the premises, and is not, therefore, on that account, repugnant to the constitution, and beyond this, its validity is not questioned in this case, and not therefore otherwise considered.

I think, therefore, that the circuit court, though for a wrong reason, properly dismissed the bill; and that decree should be affirmed with costs and damages to the appellee.

The other judges concurred.

DECREE AFFIRMED.